Russell Thomas PALMER,
Jr., Appellant,

v.

Ted S. HUDSON, Officer, Appellee.

No. 81–6967.

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 6, 1984.

Decided Sept. 20, 1984.

Deborah C. Wyatt, Charlottesville, Va. (Wyatt & Rosenfield, Charlottesville, Va., on brief), for appellant.

Alan Katz, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellee.

Before WINTER, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.

PER CURIAM:

In the previous appeal, we affirmed the ruling of the district court that the intentional destruction of a prisoner's property is not a violation of the due process clause of the Fourteenth Amendment when the prisoner has an adequate remedy under state law, relying upon *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). But we also ruled that plaintiff had a limited right to privacy in his prison cell entitling him to the protection of the Fourth Amendment, and we remanded the case for further proceedings under the latter holding. 697 F.2d 1220.

The Supreme Court granted certiorari, and by an opinion filed July 3, 1984, —— U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393, it agreed with our interpretation of *Parratt v. Taylor*, but it held that plaintiff, a prisoner, had no reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches. It re-

versed our contrary holding and remanded the case for further proceedings.

In obedience to the mandate of the Supreme Court, we now affirm the judgment of the district court.

AFFIRMED.